ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LORETTA SHEEHAN
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: loretta.sheehan@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 11 2007

at 10 o'clock and 10 min. a M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CR. NO. 07-00088 JMS |
| vs. | MEMORANDUM OF PLEA AGREEMENT |
| JASON KEEN, Defendant. | Date: July 11, 2007<br>Time: 9:30 a.m.<br>Judge: J. Michael Seabright |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JASON KEEN, and his attorney, Barry Edwards, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Sections 1028(a)(5), 1029(a)(3), 1029(a)(5), 1028A, and 1029(a)(5).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter voluntary pleas of guilty to Counts 3 and 4 of the Indictment charging him with Fraudulent Use of an Access Device, and Aggravated Identity Theft, respectively. The United States agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing. Defendant understands that the Court may consider the evidence which formed the bases of the dismissed counts at sentencing. Defendant understands further that the Court must order full restitution, which includes losses suffered in the counts dismissed pursuant to this plea agreement, in accordance with Title 18, U.S.C. Section 3663A, and agrees to make full restitution. Defendant further agrees to abandon to the United States Postal Service the items ~~listed within paragraph 7 which~~ that were seized as evidence during a consent search conducted at the Pacific Monarch Hotel, 2427 Kuhio Avenue, Room #1003, Honolulu, Hawaii, on December 14, 2005 and not returned or surrendered in lieu of partial restitution pursuant to Title 18, U.S.C. Section 3663A. Finally, the government agrees not to seek additional charges based upon evidence currently known, for Defendant's fraudulent use of: 1)

the Amazon.com card #xxxx xxxx xxxx 3706 issued to "M.W." from October 21, 2005 through November 15, 2005, 2) the Apple credit card #xxxx xxxx xxxx 8823 issued to "M.W." from October 27, 2005 through November 13, 2005, 3) the Macy's credit card #xxxx xxxx xxxx 5732 issued to "M.W." from November 9, 2005, through December 28, 2005, and the 4) Macy's credit #xxxx xxxx 949 0 issued to "M.W." from October 27, 2005, to and including October 28, 2005

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters these pleas because he is in fact guilty of fraudulently using an access device, and of aggravated identity theft, as charged in Counts 3 and 4 of the Indictment, and agrees that these pleas are voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

a. as to Count 3: a term of imprisonment of not more than 15 years, a fine of $250,000, and a term of supervised release of not more than three years;

b. as to Count 4: a term of imprisonment of 2 years which shall not run concurrently with any other term of

imprisonment imposed upon the defendant under any other provision of law, and a fine of up to $250,000;

c. full restitution pursuant to Title 18, United States Code, Section 3663A.

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. At a time before October 21, 2005, Defendant developed a scheme to defraud financial institutions by assuming the identity of another person, without lawful authority, to wit, "M.W.," aiding and abetting in the creation of false identification documents bearing the name "M.W.," obtaining credit cards in the name "M.W.," and purchasing items or making cash withdrawals using the credit cards issued to "M.W."

As part of this scheme, Defendant applied for, and obtained, credit cards from banks located outside the State of Hawaii, to wit, JP Morgan Chase Bank (Amazon.com credit card), Juniper Bank (Apple credit card), GE Money Bank (Ritz Camera/GEMB credit card), and Nation Bank (2 separate Macy's credit cards). JP Morgan Chase Bank, Juniper Bank, GE Money Bank and Nation Bank mailed credit cards which had been approved for "M.W." to Defendant, who was located within the State of Hawaii.

b. From October 21, 2005 through November 15, 2005, Defendant used a JP Morgan Chase Bank credit card, to wit, Amazon.com card #xxxx xxxx xxxx 3706 issued to "M.W." to purchase the following items and to make the following cash withdrawals:

1. CompUSA monitor, 10/25/05 for $1,197.87
2. Sprint PCS, 10/25/05 for $337.97
3. First Hawaiian Bank withdrawal, 10/31/05 for $500.00
4. Canon binoculars, 10/31/05 for $1,600.00
5. First Hawaiian Bank withdrawal, 11/03/05 for $500.00
6. First Hawaiian Bank withdrawal, 11/03/05 for $500.00
7. First Hawaiian Bank withdrawal, 11/04/05 for $500.00

8. First Hawaiian Bank withdrawal, 11/05/05 for $500.00

c. From October 27, 2005 through November 13, 2005, Defendant used a Juniper Bank credit card, to wit, Apple credit card #xxxx xxxx xxxx 8823 issued to "M.W." to purchase the use of a Hertz rental car for $1,186.92;

d. From November 9, 2005, through December 28, 2005, Defendant used a Nation Bank credit card, to wit, Macy's credit card #xxxx xxxx xxxx 5732 issued to "M.W." to purchase use of rooms, food, and services at the Hilton Hawaiian Village ~~Hilton~~ in the amount of $2202.43;

e. From October 27, 2005, to and including October 28, 2005, Defendant used a Nation Bank credit card, to wit, Macy's credit #xxxx xxxx 949 0 issued to "M.W." to purchase a diamond necklace and earrings for $1966.65.

f. Defendant used all of the above-listed credit cards issued to "M.W." within the District of Hawaii.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a. Factual stipulations: Defendant and the United States stipulate to the facts as contained within paragraph 8.

b. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to

appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing

all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, July 11, 2007.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

JASON KEEN
Defendant

RONALD G. JOHNSON
Chief, Major Crimes

BARRY EDWARDS, Esq.
Attorney for Defendant

LORETTA SHEEHAN
Assistant U.S. Attorney